IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CHANDAN, LLC, et al.,

          Plaintiffs,,

v.                                            CIVIL ACTION NO. 5:05-cv-00130

CERTAIN INTERESTED UNDERWRITERS
AT LLOYDS, LONDON, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court are the defendant Certain Interested Underwriters at Lloyds, London's motion to dismiss and/or stay [Docket 6] and its amended motion to dismiss and/or stay [Docket 14]. For the reasons stated herein, the court **DENIES** the motions.

**I.    BACKGROUND**

    This civil action arises from a dispute over whether an insurance policy covers structural damage to a hotel that resulted from the collapse of one of the hotel buildings. The plaintiffs, Chandan, LLC and Chandan Management, Inc., allege the following facts. Chandan, LLC owns a hotel in Lewisburg, West Virginia that is managed and operated by Chandan Management. Defendant Certain Interested Underwriters at Lloyds, London ("Lloyds") issued an insurance policy ("Policy") covering the hotel buildings and personal property.

    In October 2003, one of the hotel buildings collapsed due to hidden decay. This collapse resulted in severe and irreparable structural damage. Within two weeks of the collapse, Chandan

1

submitted a notice of claim to Lloyds, seeking coverage for the damage sustained to the structures.[1] Lloyds' agent, defendant Totura & Company, denied the claim without physically inspecting the property or investigating the underlying facts of the claim.

The plaintiffs filed a complaint in this court seeking a declaration of their rights under the terms of the Policy and asserting claims for breach of contract, unlawful transaction of insurance, and bad faith. In response, Lloyds filed a motion to dismiss and/or stay and an amended motion to dismiss and/or stay.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be granted when it appears beyond doubt the plaintiff can prove no set of facts that would entitle that party to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss should be granted only in those rare instances when the plaintiff is not entitled to relief under any set of facts alleged. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.3d 324, 325 (4th Cir. 1989) (citing *Conley*, 355 U.S. at 48); *Hurt v. United States*, 889 F. Supp. 248, 251 (S.D. W. Va. 1995). "In considering a motion to dismiss, the court should accept all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs*, 7 F.3d at 1134.

## III. ANALYSIS

In its amended motion, Lloyds seeks the following relief: (1) the dismissal of all causes of action by Chandan Management, LLC, which it claims is not a party to the insurance policy; (2) the

---

[1] The plaintiffs, "for ease of reference," refer to both Chandan, LLC and Chandan Management as Chandan. It is therefore unclear whether Chandan, LLC, Chandan Management, or both submitted the notice of claim.

dismissal of Count III, which alleges that Lloyds engaged in an unlawful transaction of insurance; and (3) the stay, abatement, or bifurcation of the plaintiffs' bad faith claim. The court addresses each request for relief in turn.

### A. The request for dismissal of all causes of action by Chandan Management, LLC.

Lloyds contends that Chandan Management is not a party to the Policy and, as such, does not have rights under the Policy as a matter of law. In response, the plaintiffs argue that the defendants were aware that Chandan, LLC operated its property through Chandan Management and, therefore, Chandan Management was a third-party beneficiary of the Policy.

As implied in the plaintiffs' brief, West Virginia law recognizes that third-party beneficiaries, in limited circumstances, can maintain direct suits against an insurer. *See Robinson v. Cabell Huntington Hosp., Inc.*, 504 S.E.2d 893, 901 (W. Va. 1998). This issue, however, is a factual issue that is addressed more appropriately through a motion for summary judgment than through a motion to dismiss. The court accordingly **FINDS** that Lloyds' request for the dismissal of Chandan Management's claims is premature and **DENIES** this request.

### B. The request for dismissal of the plaintiffs' unlawful transaction of insurance claim

The plaintiffs allege in Count III of their Complaint that the defendants engaged in an unlawful transaction of insurance in violation of West Virginia's Unauthorized Insurers Act, W. Va. Code Section 33-44-1 (2003), and Third-Party Administrator Act, W. Va. Code Section 33-46-1 (2003). Specifically, the plaintiffs allege that the defendants have "engaged in acts constituting the transaction of insurance and conducting business as an administrator without first properly registering with the State of West Virginia."

3

The defendants contend that the court should dismiss the plaintiffs' unlawful transaction of insurance claim because the Unauthorized Insurers Act expressly excludes surplus lines insurers from its requirements, and the Policy involves a transaction of surplus lines insurance between Lloyds and Chandan, LLC. *See* W. Va. Code § 33-44-5 (2003). Lloyds relies on a copy of the Policy as proof that the Policy involves a transaction of surplus lines insurance. Like Lloyds' request for the dismissal of Chandan Management, its request for the dismissal of the plaintiffs' unlawful transaction of insurance claim is premature.

In addressing Lloyds' request to dismiss Count III, the court first addresses whether the court can consider the Policy without converting the motion to dismiss to a motion for summary judgment. A Rule 12(b)(6) motion to dismiss for failure to state a claim generally does not permit the court to look beyond the allegations of the complaint. *Collins v. Red Roof Inns, Inc.*, 248 F. Supp. 2d 512, 516 (S.D. W. Va. 2003). When "matters outside the pleadings are presented to and not excluded by the court, the [motion to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b). However, when evaluating a motion to dismiss, the court can, in limited circumstances, consider documents not attached to a complaint. *Collins*, 248 F. Supp. 2d at 516. "When a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." *Id.* (quoting *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)). If, however, a document not attached to the complaint is considered, the document "must be one of unquestioned authenticity." *Gasner*, 162 F.R.D. at 282.

In this case, the plaintiffs have not questioned the authenticity of the Policy, and it is

4

incontestibly pertinent to the plaintiffs' Complaint. The court therefore **FINDS** that it can consider the Policy without converting Lloyds' motion to a motion for summary judgment.

In support of its contention that the Policy was a transaction involving a surplus lines carrier, Lloyds relies solely on one line on the first page of the Policy indicating that $405.40 was paid in surplus lines tax. Although this evidence might lend support to a summary judgment argument, this evidence falls far short of meeting the onerous burden placed upon a Rule 12(b)(6) movant. Accordingly, the court **FINDS** that Lloyds has failed to demonstrate that no set of facts exists that would support the plaintiffs' unlawful transaction of insurance claim and entitle them to relief.

### C. Lloyds request to stay, abate, or bifurcate the plaintiffs' bad faith claim

Lloyds moves the court to stay, abate, or bifurcate the plaintiffs' bad faith claim in its entirety, including discovery, until the coverage issues under the policy are finalized. Lloyds contends that trying the plaintiffs' bad faith claim simultaneously with their other claims would prejudice the defendants and waste judicial resources.

Federal Rule of Civil Procedure 42(b) governs the court's determination of whether to order separate trials of issues raised in this proceeding. Rule 42(b), in pertinent part, provides: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim . . . ." The law in West Virginia regarding the bifurcation of bad faith claims is well settled. Although bifurcation of third-party bad faith claims is mandatory in West Virginia, the bifurcation of a first-party bad faith claim is discretionary. *Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 212 (S.D. W. Va. 1998).

After reviewing the arguments of the parties, the court **FINDS** that staying, abating, or

bifurcating the plaintiffs' bad faith claim would not avoid prejudice to the defendants or promote judicial economy. Accordingly, the court **DENIES** Lloyds' request to stay, abate, or bifurcate the plaintiffs' bad faith claim.

## IV. CONCLUSION

For the reasons stated herein, the court **DENIES** defendant Lloyds' motion to dismiss and/or stay and its amended motion to dismiss and/or stay.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:  January 6, 2005

        _____
        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE